IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30030
Summary Calendar
_____


ALFORD LEE ROSE,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

Respondent-Appellee.


---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CV-1942
---------------------
January 22, 2002
Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alford Lee Rose, a Louisiana prisoner (# 187944), appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, in which he challenged his 1992 conviction of aggravated rape and aggravated burglary. On May 3, 2001, this court granted Rose a certificate of appealability ("COA") as to his claim that his counsel performed ineffectively by improperly waiving his right to testify at his trial. This court denied Rose a COA as to other ineffective-assistance claims.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rose contends that the attorney prevented him from testifying that the victim of the offense was in fact a prostitute whom he had paid on prior occasions for sex and with whom he had arranged to pay for sex on the date of the offense. Review of the trial record reflects that the evidence adduced at trial overwhelmingly showed that the sex was not consensual and that, had Rose testified, the prosecution would have been able to attack his credibility with, inter alia, two contradictory statements Rose made to the police on the day of the offense. Such review does not establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Strickland v. Washington, 466 U.S. 668, 694 (1984). Because Rose has not demonstrated prejudice, the judgment of the district court is AFFIRMED.